**MODIFY and AFFIRM; and Opinion Filed April 22, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00895-CR**

**JOSHUA FRED MICHAEL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-88157-2012**

# MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Lewis

A jury convicted appellant Joshua Fred Michael guilty of assaulting his wife and assessed

his punishment at 180 days' confinement in the Collin County Jail. Michael brings two appellate

issues, contending (1) the evidence is insufficient to support his conviction, and (2) the trial court

erred by taxing attorney's fees as costs against him without making a finding of his ability to pay

the fees. We delete the award of attorney's fees, and we affirm the trial court's judgment as

modified. Because the issues in this appeal involve the application of well-settled principles of

law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

**Sufficiency of the Evidence**

In his first issue, Michael contends the evidence is insufficient to support his conviction for assault of his wife, Barbara. The State was required to prove beyond a reasonable doubt that Michael intentionally, knowingly, or recklessly caused bodily injury to Barbara. *See* TEX. PENAL CODE ANN. § 22.01(a) (West 2011). In this context, "bodily injury" means physical pain, illness, or any impairment of physical condition. *Id.* § 1.07(a)(8) (West Supp. 2012). We determine whether the evidence is legally sufficient to support a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. 2012). We defer to the jury, as trier of fact, to resolve any conflicts in testimony and to weigh the evidence and draw reasonable inferences from it. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Barbara called 911 to report an emergency involving her husband. The operator told Barbara to put the phone down without hanging up, and the recorded call captured the remainder of the altercation between Michael and Barbara. Officers responded to the call. They arrested Michael when he ran from them. They interviewed Barbara; the interview was recorded. The police explained Barbara would have to fill out forms if she wanted to press charges against Michael and to obtain a protective order against him. She filled out the forms, and Michael was charged with Class A misdemeanor assault, which requires proof of bodily injury.

In their closing arguments, both attorneys argued the dispositive issue in the case was whether Barbara suffered pain caused by Michael. We agree. During the recorded 911 call, which was admitted into evidence and played for the jury, Barbara screamed and accused Michael of bending her hand back and hitting her in the head. In her interview, which was also admitted and played for the jury, Barbara told police officers that Michael "put his hands on her" and that she was feeling soreness in her wrist.

However, at trial, Barbara testified that Michael had only verbally threatened her; he had not hurt her. She acknowledged she had told officers her hand hurt, but she attributed that pain to carpal tunnel syndrome. When asked why she screamed "ow" during the recording of the 911 call, Barbara testified that she screamed because Michael had thrown a suitcase close to their dog, and she is "very protective of the dog." She asserted she had no pain caused by anything her husband did to her during the altercation.

The jury, as sole judge of a witness's credibility, may choose to believe some testimony and disbelieve other testimony. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). Jurors observed Barbara's demeanor at trial, but they also heard her on the 911 tape and in the police interview. Jurors were entitled not only to reconcile conflicts in the evidence, but also to disbelieve her recantation. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). "A fact finder may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it." *Randolph v. State*, 152 S.W.3d 764, 774 (Tex. App.—Dallas 2004, no pet.). In this case, the jury believed Barbara at the time of the assault and did not believe her recantation at trial. There is ample evidence in the record to support the conclusion that Barbara suffered pain caused by Michael.

We conclude a rational trier of fact could have found the essential elements of assault beyond a reasonable doubt. *See Johnson*, 364 S.W.3d at 293–94. We overrule Michael's first issue.

**Assessment of Attorney's Fees**

In his second issue, Michael contends the trial court erred in assessing costs of court against him. The costs include $276.64 in attorney's fees plus a $25.00 "Time Payment Fee." The code of criminal procedure provides that:

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2011). In order to assess these court-appointed attorney's fees in a judgment, a trial court must make the determination that the defendant has financial resources that enable him to pay any of the costs of legal services provided. *See id; see also Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer*, 309 S.W.3d at 556. When a defendant has been found to be indigent, it is presumed he remains indigent for the remainder of the proceedings in the case unless a material change in his financial circumstances occurs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p).

It is undisputed that Michael was appointed a trial lawyer in this case after being found indigent. Thus the presumption of indigence for the remainder of the proceedings was triggered. *See id.* Michael filed a number of hand-written requests for a court-appointed lawyer shortly after his judgment was signed, and the record establishes the trial judge appointed Michael appellate counsel. Nothing in the record establishes Michael had the financial resources to pay

the cost of his attorney.  Indeed, the trial court implicitly found to the contrary when it appointed Michael counsel for his appeal.  We conclude the record does not support the trial court's assessment of attorney's fees as costs against Michael.

We sustain Michael's second issue.  We modify the judgment to delete the assessment of costs, including attorney's fees and the conditional Time Payment Fee, against Michael.[1]

### Conclusion

As modified, we affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120895F.U05

---

[1] Michael also contends the judgment unconstitutionally requires he be "confined until all such costs ... are paid."  Because we are amending the judgment to eliminate the costs assessed, this complaint is moot.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOSHUA FRED MICHAEL, Appellant

No. 05-12-00895-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 6, Collin County, Texas

Trial Court Cause No. 006-88157-2012.

Opinion delivered by Justice Lewis.

Justices Moseley and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to delete the assessment of court costs against appellant Joshua Fred Michael.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 22nd day of April, 2013.

/David Lewis/

DAVID LEWIS

JUSTICE